Donald Ray LEWIS et al.

v.

RADCLIFF MATERIALS, INC.

Civ. A. No. 76–2025.

United States District Court,
E. D. Louisiana.

Feb. 29, 1977.

Joseph W. Thomas, Sidney M. Bach, New Orleans, La., for plaintiffs.

Walter W. Christy, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

The Department of Employment Security for the State of Louisiana resists the production of tape-recordings of an appeal hearing before a department referee and documents relevant to that hearing on the basis that these are privileged and hence shielded from production. For the reasons set forth below, the magistrate's ruling ordering their production is affirmed.

Plaintiff, Donald Ray Lewis, a former employee of Defendant, Radcliff Materials, Inc., was discharged from Radcliff allegedly for using and possessing marijuana on the job. Subsequently, he filed for, and was denied, unemployment compensation benefits. Mr. Lewis appealed that decision and, on February 25, 1976, a hearing was conducted before an appeals referee of the department during which both the plaintiff and a representative of the defendant testified and produced documents. A tape record was made of the proceedings.[1]

Thereafter, Mr. Lewis and others filed this suit against the defendant alleging racial discrimination in the defendant's employment conditions and in their discharge. The parties to the lawsuit agree that one of the factual issues in the case is whether there was cause for Mr. Lewis' discharge. (Of course, there are other issues including a contention that white employees who committed similar employment offenses were not discharged.) Both parties agree that the tape-recorded testimony and the subpoenaed documents are relevant to this question and both parties seek to obtain a copy of these materials.

However the Department contends that La.R.S. 23:1660 protects the material from subpoena in a civil action such as this. That statute provides in relevant part:

Information, statements and reports thus obtained, or obtained from any individual, claimant, employing unit or employer pursuant to the administration of this Chapter, except to the extent necessary for the proper administration and enforcement of this Chapter, shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, nor shall be published or open to public inspection (other than to public employees in the performance of their public duties.)

Rule 501 of the Federal Rules of Evidence provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

This is not a diversity case brought pursuant to 28 U.S.C. § 1332, in which State Law would provide the rule of decision. The plaintiff's cause of action is based on an alleged violation of 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981; therefore it is governed by federal law. Accordingly the common law and not a particular State law

---

1. The Louisiana statute requires all records and documents to be preserved for two years after the date on which they last serve "any useful, legal or administrative purpose." La.R.S. 23:1660.

such as La.R.S. 23:1660 controls issues of privilege.

 The Court is not aware of, nor has counsel brought to the Court's attention, any common law privilege that would protect the subpoenaed material. Moreover, even if La.R.S. 23:1660 were applicable, it would not protect the material under the circumstances of this case.

The statute protects only "information, statements and reports;" it does not mention testimony or recordings of testimony. The subpoenaed documents might be deemed to fall within the literal coverage of the statute, although even with respect to them it is doubtful that the privilege affects documents introduced as evidence in a hearing. However, the privilege is designed to protect the parties to a compensation determination and there is no reason why those parties cannot waive their privilege. According to the Louisiana Supreme Court in *State v. Mills*, 1956, 229 La. 758, 86 So.2d 895, 902, cert. den. 352 U.S. 834, 77 S.Ct. 51, 1 L.Ed.2d 53, the purpose of enacting La.R.S. 23:1660 is that "the State wishes to protect employers and their employees from intermeddlers or competitors who seek to use public records for their own private purposes." Additionally the statute may have been intended to foster frank communication by assuring persons that the information they offer will not be used to their detriment in civil proceedings. In either case the privilege, like most privileges, is intended to protect the party who has made the statement or furnished the information, not the Department of Security or its internal machinery. The department's only interest is in avoiding the administrative burden of compliance, not in maintaining confidentiality. But in this regard the department is like any other witness possessing relevant evidence. Moreover, there is no reason why the department cannot pass the cost of compliance on to those who request materials.

Hence, even if the privilege provided by R.S. 23:1660 were applicable in this case, and even if it covered all the materials requested, the parties would be entitled to waive their right to assert that privilege by requesting the documents as they have. The right to waive a privilege is universal, extending even to the constitutional privilege against self-incrimination.

Accordingly, the decision of the Magistrate enforcing the subpoena duces tecum and ordering production of the records is AFFIRMED.